765 So.2d 274 (2000)
Eli BUTLER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D96-4448.
District Court of Appeal of Florida, First District.
August 16, 2000.
Nancy A. Daniels, Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; J. Ray Poole, Assistant Attorney General, Tallahassee for Appellee.
WEBSTER, J.
In Butler v. State, 761 So.2d 319 (Fla. 2000), the supreme court quashed our prior *275 decision in this case, Butler v. State, 723 So.2d 865 (Fla. 1st DCA 1998), and remanded for further proceedings in light of Maddox v. State, 760 So.2d 89 (Fla.2000).
In this case, the trial court explained on the record at the sentencing hearing why it was imposing an upward departure sentence. Although appellant's counsel objected to the reasons announced by the trial court during the sentencing hearing, appellant does not challenge the sufficiency of those reasons on appeal. Appellant's sole argument on appeal is that the departure sentence must be vacated and the case remanded for imposition of a guidelines sentence because the trial court never filed written reasons justifying its upward departure.
In Maddox, the court "conclude[d] that for defendants [such as appellant] who did not agree to the imposition of a departure sentence in a plea agreement, the policy reasons for correcting a departure sentence in which the trial court failed to file statutorily required written reasons for departure are still applicable following the Act [i.e., The Criminal Appeal Reform Act of 1996]." 760 So.2d at 107. It seems to us that all of the policy concerns identified by the court are satisfied by a statement on the record at sentencing explaining the basis for a departure sentence; that the requirement of written reasons affords no additional safeguards; and that requiring the reversal of a departure sentence and a remand for the imposition of a guidelines sentence in such a situation elevates form at the expense of substance. Nevertheless, we conclude that we are constrained by Maddox to reverse the departure sentence because no written reasons were filed, and to remand with directions that the trial court impose a guidelines sentence. See Maddox, 760 So.2d at 107; Pope v. State, 561 So.2d 554 (Fla.1990). Accordingly, the departure sentence is reversed, and the case is remanded with directions that the trial court impose a guidelines sentence.
REVERSED and REMANDED, with directions.
WOLF and LAWRENCE, JJ., CONCUR.