775 So.2d 350 (2000)
Elias DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3546.
District Court of Appeal of Florida, Second District.
October 18, 2000.
*351 James Marion Moorman, Public Defender, and Dea Abramschmitt, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Assistant Attorney General, Tampa, for Appellee.
GREEN, Judge.
The appellant, Elias Davis, challenges his judgments and sentences for aggravated battery and criminal mischief. Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Despite a thorough review of the record and the possible issues as raised by appellate counsel, we find no issue of arguable merit in regard to the appellant's convictions and affirm without further discussion.
However, after reviewing the written judgments and sentences and reading the sentencing transcript, we have determined that the trial court erred in sentencing the appellant. Appellant was convicted of aggravated battery and criminal mischief. At sentencing, the trial court made the following statement: "Based on that you are adjudicated guilty, Mr. Davis, and you are sentenced to 29.3 months in the Department of Corrections." This was the only statement the trial court made in reference to appellant's sentences.
According to the scoresheet found in the record, appellant's guidelines range was from 29.31 to 49.65 months of imprisonment. However, it appears that this computation is incorrect. Appellant's corrected guidelines range is actually from 29.85 to 49.75 months of imprisonment. Under either the original scoresheet calculation or with the corrected computations, the trial court's sentence of 29.3 months amounted to a downward departure sentence. Although no reasons appear in the record to legally justify a downward departure sentence, we determine that the downward departure sentence is de minimis and decline to reverse the sentence for aggravated battery. See State v. Bleckinger, 746 So.2d 553 (Fla. 5th DCA 1999) (stating that it was "tempted to refuse to consider" a downward departure sentence that amounted to .9 months because it is de minimis, although it is a technical departure, but did consider the matter because the appeal was consolidated with another case). We therefore find no error with the appellant's sentence as it pertains to the aggravated battery charge.
However, resentencing for the criminal mischief charge is required. The written sentence for the criminal mischief charge indicates a sentence of 29.3 months of imprisonment to run concurrently with the aggravated battery sentence. Criminal mischief is a first-degree misdemeanor, carrying a statutory maximum of one-year of imprisonment. See § 775.082(4)(a), Fla. Stat. (Supp.1998). Thus, appellant's sentence of 29.3 months of imprisonment for criminal mischief is illegal, as it exceeds the statutory maximum for this offense.
Since the record reflects an illegal sentence for criminal mischief, this matter must be reversed and remanded for the trial court to resentence the appellant on the criminal mischief charge.[1] A corrected *352 scoresheet must be prepared. See Jackson v. State, 615 So.2d 850 (Fla. 2d DCA 1993).
Affirmed in part; reversed and remanded in part.
NORTHCUTT, A.C.J., and CASANUEVA, J., Concur.
NOTES
[1] While technically this court is required to issue an order which either appoints appellant new counsel or allows present counsel to file another brief upon the discovery of any potential issue, see Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), in this case the order would serve no purpose because the error is apparent on the face of the record.