788 So.2d 368 (2001)
Michael DOYLE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2697.
District Court of Appeal of Florida, Second District.
June 20, 2001.
James Marion Moorman, Public Defender, and Allyn Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Michael Doyle challenges his 1995 guidelines sentence as unconstitutional based on Heggs v. State, 759 So.2d 620 (Fla.2000), and claims he is entitled to be resentenced under the 1994 guidelines.[1] Doyle's offenses were committed on October *369 18, 1996, within the window period for asserting single subject challenges. Id. at 623. He is therefore entitled to have his sentence reconsidered in accordance with Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
The State concedes that Doyle's sentence would be an upward departure under the 1994 sentencing guidelines but contends that resentencing is unnecessary. The State relies on this court's decision in Davis v. State, 775 So.2d 350 (Fla. 2d DCA 2000), to argue that Doyle is not entitled to Heggs relief because the upward departure for his youthful offender sentence is de minimis, resulting in him serving only an additional ten days. We disagree. In the absence of written reasons to support the upward departure, even youthful offender sentences cannot exceed the sentencing guidelines. See, e.g., Easton v. State, 687 So.2d 46 (Fla. 2d DCA 1997); Watson v. State, 690 So.2d 730 (Fla. 4th DCA 1997). Moreover, no offender should be subject to confinement for even one day more than required under a legal sentence. We, therefore, remand this case for resentencing in accordance with Smith, 761 So.2d 419.
Remanded for reconsideration of sentence.
THREADGILL, A.C.J., and SALCINES, J., Concur.
NOTES
[1] Doyle preserved this sentencing error by filing a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).