813 So.2d 65 (2002)
Carlos MANDRI, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-2162.
Supreme Court of Florida.
February 28, 2002.
*66 Bennett H. Brummer, Public Defender, and Lisa Walsh, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Michael J. Neimand, Bureau Chief, and Paulette R. Taylor, Assistant Attorney General, Miami, FL, for Respondent.
PER CURIAM.
We have for review Mandri v. State, 767 So.2d 523 (Fla. 3d DCA 2000), reh'g denied and question certified, 767 So.2d at 524, in which the Third District certified the following question as one of great public importance:
WHERE A TRIAL COURT FAILS TO FILE WRITTEN REASONS IN SUPPORT OF A GUIDELINES DEPARTURE SENTENCE BUT, THEREAFTER, IN RESPONSE TO A FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(B) MOTION FILED BY DEFENDANT, DOES FILE WRITTEN REASONS JUSTIFYING THE DEPARTURE, IS DEFENDANT ENTITLED TO A REVERSAL AND A REMAND FOR A GUIDELINES SENTENCE, UNDER MADDOX V. STATE, 760 So.2d 89 (Fla.2000)?
Mandri, 767 So.2d at 524. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
In Weiss v. State, 761 So.2d 318, 319 (Fla.2000), we approved the application of the harmless error doctrine to nonfundamental sentencing error. See also Matchett v. State, 791 So.2d 1087 (Fla. 2001). In the case before us, the trial court did not commit fundamental error, as the petitioner was not prejudiced in his ability to challenge the trial court's reasons for imposing the departure sentence on direct appeal. See Maddox v. State, 760 So.2d 89, 108 (Fla.2000). Thus, the trial court's errors in filing the written reasons for departure were subject to harmless error analysis. See Weiss, 761 So.2d at 319. We therefore approve the Third District's decision and answer the certified question in the negative.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, LEWIS, and QUINCE, JJ., concur.
ANSTEAD and PARIENTE, JJ., concur in result only.