915 So.2d 766 (2005)
Johnny L. RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1007.
District Court of Appeal of Florida, Second District.
December 9, 2005.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Johnny Richardson claims a violation of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because the trial court imposed an upward departure sentence based on its finding that Richardson occupied a leadership role in a criminal organization. The State properly concedes error, and we reverse and remand for resentencing.
In March 2003, Richardson entered an open guilty plea to violating the Florida *767 RICO Act[1] and to conspiring to traffic in cocaine for events occurring in 1997 and 1998. During the plea colloquy, Richardson did not stipulate to occupying a leadership role in a criminal organization or consent to judicial factfinding. The court sentenced him to an upward departure sentence of 120 months' imprisonment. The court listed as its reason for departure, "leadership role by Def." See § 921.0016(3)(f), Fla. Stat. (1995) (providing for an upward departure if "[t]he defendant occupied a leadership role in a criminal organization").
On November 23, 2004, while his appeal was pending, Richardson filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion, arguing that the court's upward departure sentence violated Blakely. In its January 12, 2005, "Order Denying Motion for Appeal Bond [and] Interim Order on Motion to Correct Sentence," the trial court addressed Richardson's claimed Blakely violation, concluding that Richardson "may be entitled to relief." The trial court made no further rulings on Richardson's rule 3.800(b)(2) motion, and the motion is therefore deemed denied. See O'Neill v. State, 841 So.2d 629, 629 (Fla. 2d DCA 2003) (citing Jackson v. State, 793 So.2d 117, 118 (Fla. 2d DCA 2001)). However, the issue Richardson raised in his motion is preserved for review. See Jackson, 793 So.2d at 118.
According to Blakely, 542 U.S. at 310, 124 S.Ct. 2531:
When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. If appropriate waivers are procured, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty. Even a defendant who stands trial may consent to judicial factfinding as to sentence enhancements, which may well be in his interest if relevant evidence would prejudice him at trial.
(Citations omitted.) Here, although Richardson entered a guilty plea, he did not stipulate to the fact that he occupied a leadership role in a criminal organization or consent to judicial factfinding. Therefore, the court's upward departure sentence violated Blakely. Accordingly, we must reverse and remand for resentencing.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., Concur.
NOTES
[1] Florida Racketeer Influenced and Corrupt Organization Act (§§ 895.01-895.06, Fla. Stat.(1997)).