921 So.2d 736 (2006)
Eric PRESSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-0890.
District Court of Appeal of Florida, First District.
February 17, 2006.
Nancy A. Daniels, Public Defender; John R. Alfino, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
This is a direct appeal from a resentencing for an offense that occurred sometime between July 12, 1997 and July 12, 2002. The challenged sentence was pronounced under section 921.0016(1)(c), Florida Statutes (Supp.1996), and Florida Rule of Criminal Procedure 3.703(d)(29) (1996). Although the trial court departed upwardly from the sentencing guidelines, the trial court prepared no written findings for departure as is required by section 921.0016(1)(c), nor was a transcript of sentencing signed and entered into the file at any time before appeal was taken. See Maddox v. State, 760 So.2d 89, 106-08 (Fla.2000). Although the appellant complained of the lack of written reasons (or signed, filed transcript) in a motion filed under Florida Rule of Criminal Procedure 3.800(b)(2), the trial court denied the motion without stating reasons for departure (or signing and filing the transcript). This failure distinguishes the case from Mandri v. State, 813 So.2d 65, 66 (Fla.2002), and brings it under Butler v. State, 765 So.2d 274, 275 (Fla. 1st DCA 2000). Accordingly, here, as in Butler, we reverse and remand for sentencing under the guidelines. See also Haynes v. State, 843 So.2d 993, 994 (Fla. 1st DCA 2003); Edwards v. State, 770 So.2d 179, 179-80 (Fla. 1st DCA 2000); Edmondson v. State, 777 So.2d 434, 434 (Fla. 1st DCA 2000).
REVERSED and REMANDED with directions that the trial court impose a guidelines sentence.
KAHN, C.J., and ERVIN and BENTON, JJ., concur.