937 So.2d 1149 (2006)
Robert C. GLENNON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-3739.
District Court of Appeal of Florida, Fifth District.
August 25, 2006.
Rehearing Denied September 27, 2006.
Loren D. Rhoton, of Rhoton & Hayman, P.A., Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Robert C. Glennon appeals an order granting in part, and denying in part, his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), based on the holdings of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Mr. Glennon, convicted of sexual battery, contends that the inclusion of sexual penetration points, without the requisite finding by the jury, improperly enhanced his sentence.
Mr. Glennon was convicted of sexual battery in 2003 for an offense committed in September 1998. His conviction was affirmed by this Court and became final in February 2004. Glennon v. State, 866 So.2d 1228 (Fla. 5th DCA 2004) (Table). In his motion to correct sentence, Glennon argued that the inclusion of forty sentencing points for sexual penetration was improper. Glennon's original sentence included both sexual contact and sexual penetration points. At resentencing, the trial court deleted the sexual contact points, but retained the sexual penetration points, and imposed a sentence of 93 months in prison based on the then existing sentencing guidelines.
Apprendi stands for the proposition that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Blakely clarified that the "statutory maximum" is "not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." 542 U.S. at 303-04, 124 S.Ct. 2531. The State agrees that Apprendi, decided in 2000, applies to Glennon's conviction, which was not final until 2004. While the parties disagree regarding the applicability of Blakely, we need not decide *1150 that issue because the sentence imposed, 93 months, could have been imposed without any additional findings.
Mr. Glennon concedes that based on the nature of his offense, the inclusion of 18 points for sexual contact is appropriate. Adopting the position advocated by Mr. Glennon, his scoresheet totals 109 points (91 points primary offense + 18 sexual contact points) resulting in a sentencing range of 60.75 months (109-28 × .75) at the low end, to 101.25 months (109-28 × 1.25) at the high end. Consequently, the 93-month sentence imposed did not require any additional findings by the jury. Thus, Apprendi and Blakely are not implicated, and we need not consider their application.
AFFIRMED.
PALMER and TORPY, JJ., concur.