FLETCHER, J.
Juan Leal Esquivel appeals from an upward departure sentence imposed without written reasons. We reverse and remand with instructions.
Esquivel was convicted by a jury of four counts of sexual battery with a deadly weapon (Counts 1-2 and 7-8 of the Information), four counts of kidnapping (Counts 3-6), two counts of committing a lewd or lascivious act (Counts 9-10), one count of aggravated assault (Count 11), and one count of armed burglary (Count 12). He was sentenced to a term of life in state prison for Counts 1-8 and 12; a term of 15 years in state prison for Counts 9 and 10; and a term of 5 years in state prison for Count 11. All sentences were to run consecutively.
On January 27, 2004, Esquivel filed a motion to correct this sentence pursuant to Florida Rule Criminal Procedure 3.800(a). After a hearing on February 21, 2006, the court granted Esquivel’s motion to dismiss Count 11 and vacated the sentences previously imposed on Counts 1-10 and 12. The state advised the trial court that concurrent life sentences could be imposed for counts 1-8 and 12, and fifteen years for counts 9-10. The state requested depar *518 ture and the sentences to run consecutively-
The trial court orally announced the following reasons for departing from the guidelines: the victim was physically attacked in the presence of one or more members of the victim’s family; the victim was especially vulnerable due to age; the offense created a substantial risk of death or great bodily harm to many persons; the offense was one of violence and was committed in a manner that was especially heinous, atrocious or cruel; and the victim suffered extraordinary emotional trauma and was treated with particular cruelty. Based on these reasons, the court sentenced the defendant to a term of life imprisonment for Counts 1-8 and 12, and 15 years in state prison for Counts 9 and 10. Again, all sentences were to run consecutively. The trial court, however, failed to enter a written order setting forth the court’s reasons for departing from the sentencing guidelines as required under Section 921.0016(l)(c), Florida Statutes (2005), and Florida Rule of Criminal Procedure 3.703(d)(30)(A), both of which require that written reasons for departure or a written transcription of orally stated reasons be filed within seven days.[1] After an appeal to this court, the trial court filed, on June 8, 2006, a transcript of the sentencing proceeding containing the court’s reasons for the upward departure. The transcript, however, was not signed by the trial court.
Esquivel contends that the trial court’s failure to enter signed, written reasons in support of its upward departure requires that the departure sentence be reversed and the case remanded for sentencing within the guidelines. Current case law, however, has drawn a clear distinction between a complete failure to file written reasons for departure and technical procedural errors, generally late filings, which do not prejudice defendants. See and compare Matchett v. State, 791 So.2d 1087 (Fla.2001); Pressley v. State, 921 So.2d 736 (Fla. 1st DCA 2006); Butler v. State, 765 So.2d 274 (Fla. 1st DCA 2000); with Mandri v. State, 813 So.2d 65 (Fla.2002); Maddox v. State, 760 So.2d 89 (Fla.2000); Beck v. State, 817 So.2d 858 (Fla. 5th DCA 2002); Weiss v. State, 720 So.2d 1113 (Fla. 3d DCA 1998), approved 761 So.2d 318 (Fla.2000.) The latter cases suggest that nonfundamental sentencing errors are subject to the harmless error rule.
In a case in which the trial court filed its written reasons for departure four months after sentencing and only upon the defendant’s motion to correct the sentence pursuant to Florida Rule of Criminal Proce *519 dure 3.800(b), the Fifth District analyzed the situation:
“The defendant in this case does not argue that the reasons for departure are invalid. His sole argument is that a piece of paper was not filed timely. The defendant is not challenging the reasons for the departure sentence, but only the procedure of how it was imposed. If the reasons given for departure were invalid, then the defendant would be entitled to the relief requested. However, after a review of the complete record on appeal there is no evidence of harm that has been suffered by this defendant. The rules of procedure were neither designed to nor intended to be an escape device from justice.”
Beck, 817 So.2d at 862.
In Carridine v. State, 721 So.2d 818 (Fla. 4th DCA 1998), after orally announcing reasons for a departure statement and having a guidelines scoresheet prepared listing the grounds justifying the departure, the trial court inadvertently failed to signed the prepared scoresheet. Some time later, upon the defendant’s motion to correct the sentence for failure to timely file written reasons for departure, the trial court ruled it was treating the matter as a scrivener’s error and signed the score-sheet. On appeal, however, the Fourth District Court of Appeal reversed. The appellate court sympathized with the trial court’s belief that such a clerical error should be correctable, but felt bound by prior supreme court precedent which appeared to call for strict adherence with sentencing procedural requirements. The Carridine court, however, did not have the benefit of the supreme court’s subsequent pronouncements with regard to application of the harmless error rule.
In the instant case, the defendant does not challenge the reasons for the departure sentence. Nor is he stating that he was in any way prejudiced by the fact that the transcription of the orally stated reasons was untimely filed without the sentencing judge’s signature. The defendant simply argues that the court must strictly adhere to the requirements of the statute and rule regardless of the absence of any prejudice to him. We believe this issue has been resolved by the more recent case law discussed above. We, therefore, reverse and remand to the trial court with instructions that it either sign the transcription of the orally stated reasons for departure or resentence the defendant within the guidelines.
Reversed and remanded with instructions.

. Section 921.0016(l)(c) states:
"A state prison sentence which varies upward or downward from the recommended guidelines prison sentence by more than 25 percent is a departure sentence and must be accompanied by a written statement delineating the reasons for the departure, filed within 7 days after the date of sentencing. A written transcription of orally stated reasons for departure from the guidelines at sentencing is permissible if it is filed by the court within 7 days after the date of sentencing.
While Florida Rule of Criminal Procedure (d)(30)(A) provides:
"If a sentencing judge imposes a sentence that departs from the recommended guidelines sentence, the reasons for departure shall be orally articulated at the time sentence is imposed. Any departure sentence must be accompanied by a written statement, signed by the sentencing judge, delineating the reasons for departure. The written statement shall be filed in the court file within 7 days after the date of sentencing. A written transcription of orally stated reasons for departure articulated at the time sentence was imposed is sufficient if it is signed by the sentencing judge and filed in the court file within 7 days after the date of sentencing. The sentencing judge may also list the written reasons for departure in the space provided on the guidelines scoresheet and shall sign the scoresheet.”