971 So.2d 825 (2007)
Mario PIERRE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2401.
District Court of Appeal of Florida, Third District.
October 17, 2007.
Rehearing Denied December 12, 2007.
Mario Pierre, in proper person.
Bill McCollum, Attorney General, and Michael C. Greenberg, Assistant Attorney General, for appellee.
Before SUAREZ, ROTHENBERG, and SALTER, JJ.
ROTHENBERG, Judge.
The appellant, Mario Pierre ("Pierre"), filed a petition with the Florida Supreme Court attempting to invoke the Court's all writs jurisdiction. The Florida Supreme Court transferred the petition to the circuit court for consideration as a motion for postconviction relief pursuant to either Florida Rule of Criminal Procedure 3.850 or 3.800(a). Although the trial court failed to articulate under which rule its denial was based, we affirm.
In his petition and this appeal, Pierre contests the life sentence imposed pursuant to a finding of guilt as to armed kidnapping.[1] The life sentence imposed was an upward departure from the recommended sentencing guidelines based upon Pierre's escalating pattern of criminal behavior. As Pierre's life sentence on this count was an upward departure and the trial court failed to submit written reasons for imposing the upward departure, Pierre filed a motion to correct his sentence. Based upon this motion, the trial court *826 conducted a hearing and signed the transcript of the original sentencing hearing, stating that the transcript would serve as the court's written order. Pierre contends that his sentence is illegal because: (1) the trial court did not file a separate written order articulating its reason(s) for the departure sentence, and (2) the ground for the upward departure was determined by the trial court, not the jury.
We find that Pierre's first claim, that the trial court erred by failing to file a written order articulating its grounds for imposing a departure sentence, has already been litigated and decided adversely to Pierre by this court. See Pierre v. State, 821 So.2d 1174, 1175 (Fla. 3d DCA 2002) (rejecting Pierre's argument that his departure sentence must be vacated because the trial court failed to file written reasons within the time allowed under sentencing statute, where at hearing on Pierre's motion to correct sentence, trial court signed the transcript of the original sentencing hearing, stating that the signed transcript would stand as the departure order) (citing Mandri v. State, 813 So.2d 65 (Fla.2002)).
As to his second claim, Pierre relies on Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Apprendi, however, only applies to sentences which exceed the statutory maximum. See Glennon v. State, 937 So.2d 1149, 1149 (Fla. 5th DCA 2006); Altman v. State, 852 So.2d 870, 876 (Fla. 4th DCA 2003). As the statutory maximum penalty for the crime of armed kidnapping is life imprisonment, Pierre's sentence is not illegal based upon Apprendi.
While we recognize that the United States Supreme Court in Blakely extended application of Apprendi to sentences which exceed the recommended sentencing guidelines, even if the sentence imposed is less than the statutory maximum for the offense, Blakely was issued over two years after Pierre's convictions and sentences became final and Blakely does not apply retroactively to sentences which became final prior to its issuance. See Hughes v. State, 901 So.2d 837, 848 (Fla.2005).
Affirmed.
NOTES
[1] Pierre was convicted after a jury trial of burglary, two counts of aggravated battery, and one count of armed kidnapping.