973 So.2d 1200 (2008)
Hubert Bradford LEEKS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3332.
District Court of Appeal of Florida, Second District.
January 16, 2008.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Chief Judge.
Hubert Bradford Leeks was sentenced to a term of imprisonment followed by probation for a crime committed in February 1998. In 2006 Leeks admitted violating his probation and was sentenced to 166 months in prison. The State acknowledges that this was an upward departure from the sentencing guidelines applicable to Leeks's 1998 crime and that it must be reversed because the court failed to file written reasons for the departure. The only disputed issue on appeal concerns the sentence that Leeks may be given on remand. Whereas the State seeks an additional opportunity to prove grounds for an upward departure sentence, Leeks maintains that the circuit court must impose a guidelines sentence. As will be seen, Leeks is correct.
*1201 When a departure sentence is reversed because the reasons tendered for the departure are invalid or unsupported, on remand the court must impose a guidelines sentence. State v. Betancourt, 552 So.2d 1107 (Fla.1989); Shull v. Dugger, 515 So.2d 748 (Fla.1987). But, generally, when a sentence is reversed for the sentencing court's failure to give departure reasons, and it appears that the court did not realize that it was imposing a departure sentence, on remand the court may again consider departing from the guidelines. The rationale is that, because the sentencing court failed in the first instance to appreciate that it was imposing a departure sentence, it had no opportunity to determine whether there were valid reasons for a departure. Betancourt, 552 So.2d at 1108; Roberts v. State, 547 So.2d 129 (Fla.1989); see also Waldron v. State, 529 So.2d 772 (Fla. 2d DCA 1988) (en banc).
At Leeks's sentencing hearing the prosecutor advised the circuit court incorrectly that the 166-month sentence was within a twenty-five percent increase permitted by the guidelines, § 921.0016(1)(b), Fla. Stat. (1995). Therefore, it is clear that when sentencing Leeks the court was unaware that it was imposing a departure sentence. If that were the end of it, the State's position that the court must have another opportunity to consider imposing a departure sentence would prevail.
But Leeks's sentencing hearing was not the end of it. After this appeal was filed, Leeks timely moved to have his sentence corrected pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). See Richardson v. State, 915 So.2d 766 (Fla. 2d DCA 2005) (noting that defendant preserved objection to upward departure sentence by filing 3.800(b)(2) motion); Doyle v. State, 788 So.2d 368 (Fla. 2d DCA 2001); see also Beck v. State, 817 So.2d 858 (Fla. 5th DCA 2002). Leeks's motion complained that the circuit court had imposed an upward departure sentence without giving written reasons. After reviewing the motion, the circuit court issued an order acknowledging that Leeks had made a facially sufficient claim for relief that was not conclusively refuted by the record and directing the State to show cause why Leeks was not entitled to relief.
In response, the State agreed that Leeks's sentence was an improper departure without written reasons. Still, it posited that the court had "manifested its intent to exceed guidelines during the sentencing hearing" but that the court "apparently chose the advocated 166 month sentence to avoid the necessity of filing written departure reasons." The State suggested that the court should resolve the matter simply by filing written reasons for the departure in response to Leeks's motion. In support of this suggestion it cited to Beck, 817 So.2d 858, which affirmed an upward departure sentence after the trial court filed written reasons for the departure, in response to the defendant's 3.800(b)(2) motion to correct sentencing error. Notably, the State's response to Leeks's motion did not articulate any valid reasons the court might have had for departing from the sentencing guidelines. Nor did the State request an evidentiary hearing in which to prove grounds for a departure, although evidentiary hearings are expressly contemplated by rule 3.800(b)(1)(B). See Fla. R.Crim. P. 3.800(b)(2)(B) (requiring application of procedures in 3.800(b)(1)(B) to resolve (b)(2) motions). Notwithstanding the State's concession that Leeks's motion was well taken, the circuit court took no further action. Thus, sixty days after Leeks filed his motion, it was deemed denied by operation of rule 3.800(b)(1)(B). See Fla. R.Crim. P. 3.800(b)(2)(B) (requiring application of procedures in 3.800(b)(1)(B) to resolve (b)(2) motions).
*1202 It can be seen, then, that Leeks's case is before us in a far different posture than the situation addressed in Betancourt, Roberts, and Waldron. Although the circuit court below did not initially appreciate that it was imposing a departure sentence, thereafter it was alerted to that fact in a proceeding intended to permit it to correct its error. Thus, unlike the situations in the cases just mentioned, we review this case after the circuit court has had ample opportunity to determine whether there were valid reasons for departing from the sentencing guidelines and to record those reasons in writing but has failed to do so.
Neither is this case akin to Beck, as suggested by the State when responding to Leeks's motion in the circuit court. In Beck, the Fifth District upheld the defendant's upward departure sentence against his claim that he was entitled to a guidelines sentence solely because the written reasons for the departure were not timely filed. In that case, the judge announced departure reasons at the sentencing hearing but did not reduce them to writing until the defendant filed a 3.800(b)(2) motion during his appeal. The Fifth District held that the defendant suffered no prejudice by the late submission alone and, noting that the defendant did not challenge the validity of the trial judge's departure reasons, upheld the departure sentence. The Beck court cited to the Florida Supreme Court's decision in Mandri v. State, 813 So.2d 65 (Fla.2002), wherein the court held that the late filing of written departure reasons in response to the defendant's rule 3.800(b)(2) motion did not entitle the defendant to a reversal and remand for sentencing within the guidelines.
This case is distinguishable from Mandri and Beck because the circuit court below has never filed written reasons to justify Leeks's departure sentence, whether in response to his 3.800(b)(2) motion or otherwise. The importance of this distinction was underscored in Maddox v. State, 760 So.2d 89 (Fla.2000). In that case the supreme court concluded that the failure to file written departure reasons is an important omission that "affects the integrity of the sentencing process concerning the critical question of the length of the sentence." Id. at 107. The court held that, even after enactment of legislation eliminating appellate review of unpreserved non-fundamental errors in criminal cases, the policy reasons for correcting a departure sentence when the trial court failed to file written reasons in support of it continued to apply. Id. On the other hand, the court observed, merely filing the reasons late did not necessarily have the same "qualitative effect on the integrity of the sentencing process." The court held that the late filing of written departure reasons does not constitute a fundamental sentencing error"if the defendant was not hindered in his or her efforts to challenge the grounds for imposing the departure sentence on direct appeal." Id. at 108.
Mandri, 813 So.2d at 65, and Beck, 817 So.2d at 862, recognized that the late filing of written departure reasons in response to a motion under rule 3.800(b)(2) does not hinder the defendant's ability to challenge the departure reasons in his direct appeal because motions under that rule must be filed and decided prior to the filing of the defendant's first brief on appeal. See Fla. R.Crim. P. 3.800(b)(2). Here, in contrast, Leeks's ability to challenge the reasons for his departure sentence in this direct appeal has been completely hindered because no reasons have ever been tendered.[1]
*1203 Under materially identical circumstances, the First District felt compelled to reverse and remand for the imposition of a guidelines sentence. Pressley v. State, 921 So.2d 736 (Fla. 1st DCA. 2006). We do, as well. At this point, the State has forgone two chances to argue and prove grounds for a departure sentence. The circuit court, apprised of the sentencing impropriety and given an opportunity to correct it, has failed to do so. Certainly, in the words of the Maddox court, these failures have compromised the "integrity of the sentencing process concerning the critical question of the length of the sentence."
We reverse Leeks's sentence and remand for resentencing within the sentencing guidelines.
SALCINES, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.
NOTES
[1] Ironically, had the circuit court accepted the State's suggestion that it resolve Leeks's rule 3.800(b)(2) motion simply by filing written departure reasons based on the arguments at his original sentencing hearing, we would have been required to reverse for resentencing within the guidelines. Contrary to the State's assertion when responding to Leeks's motion, the circuit court has never manifested a desire to sentence Leek outside the guidelines. No such intention appears in the transcript of Leeks's sentencing hearing. Rather, the transcript reflects that the court merely acceded to the prosecutor's request that it sentence Leeks to the longest prison term permitted under the guidelines. The factors asserted by the prosecutor in support of that request would not have been valid grounds for a departure sentence, for all of them either were inherent in Leeks's crime or were already factored into the guidelines sentence. See Scurry v. State, 489 So.2d 25 (Fla.1986). If in response to Leeks's rule 3.800(b)(2) motion the circuit court had filed invalid written departure reasons based on those arguments, the correct remedy would have been to remand for resentencing within the guidelines. Betancourt, 552 So.2d 1107; Shull, 515 So.2d 748.