DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ROBERT DRESCH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-78

[November 12, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Matthew I. Destry, Judge; L.T. Case No. 13-8094 CF10A.

Jason A. Kaufman of Kaufman Legal Group, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

STEVENSON, J.

Robert Dresch ("Defendant") appeals from his conviction and sentence on the charge of corruption by threat. He was sentenced to five years in prison. The State agrees with Defendant that the crime of corruption by threat is not a forcible felony within the meaning of section 776.08, Fla. Stat. (2013),[1] because the "offense may be committed without the use or threat of physical force." *State v. Hearns*, 961 So. 2d 211, 215 (Fla. 2007). Since the crime of corruption by threat is not a forcible felony within the

---

[1] Section 776.08, Fla. Stat. (2013), provides:

> "Forcible felony" means treason; murder; manslaughter; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.

meaning of section 776.08, and because Defendant scored less than 22 points on his scoresheet, the trial court was required to make written findings that a nonstate prison sanction would impose a danger to the public before sentencing Defendant to a state correctional facility. *See* 775.082(10), Fla. Stat. (2013).[2] The trial court failed to enter written findings, even after Defendant raised this issue in his rule 3.800(b)(1) motion. Accordingly, we reverse and remand to the trial court for resentencing. On remand, the trial court is not permitted to impose an upward departure sentence. *See Bryant v. State*, 39 Fla. L. Weekly S591 (Fla. Oct. 9, 2014) (holding a trial court is not permitted on remand to impose an upward departure sentence under section 775.082(10) when it failed to enter written findings during the initial sentencing).

Additionally, we note that the State failed to come forward with any evidence that Defendant committed two of the prior crimes listed on his scoresheet. Defendant challenged the inclusion of these crimes, which added 0.4 to his score, in his rule 3.800(b)(1) motion. Once contested, the State was required to provide competent evidence that Defendant had committed these crimes. *See Lyons v. State*, 823 So. 2d 250, 250–51 (Fla. 4th DCA 2002) (holding the state had the burden of providing competent evidence that the defendant had committed a past conviction, when the defendant challenged the inclusion of the past conviction in a rule 3.800(b) motion). On remand, the State is required to provide competent evidence of these prior crimes.

*Reversed and remanded.*

CIKLIN and GERBER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Section 775.082(10), Fla. Stat. (2013), provides:

> If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.