IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TONY MURPHY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5178

Opinion filed April 7, 2015.

An appeal from the Circuit Court for Gadsden County.
Jonathan E. Sjostrom, Judge.

Nancy A. Daniels, Public Defender, and Ross Marshman, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.

SWANSON, J.

In this appeal from his convictions and sentences for felony fleeing or attempting to elude a law enforcement officer and driving while license suspended or revoked, appellant claims the trial court committed reversible error when, after one juror expressed reservations about the guilty verdict on the felony fleeing

charge, the court continued to poll the jurors before directing them to resume deliberations on that charge. In addition, appellant claims the trial court erred in denying his motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which challenged the departure prison sentence imposed for the felony fleeing conviction. We affirm as to the first claim without discussion. However, we reverse as to the second claim and remand with directions that the trial court resentence appellant to a nonstate prison sanction.

Section 775.082, Florida Statutes (2012), provides in pertinent part:

> (10) If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.

See also Fla. R. Crim. P. 3.704(d)(29) ("If the total sentence points equal 22 or less, the court must sentence the offender to a nonstate prison sanction unless it makes written findings that a nonstate prison sanction could present a danger to the public."). This court has explained:

> The clear purpose and obvious intent [of] section 775.082(10) was to keep certain offenders out of the state prison system. The statute operates similarly to the pre-

2

> Criminal Punishment Code sentencing guidelines by establishing a presumptive sentence from which the trial court may deviate up to the statutory maximum in limited circumstances and only if the court explains its reasons in writing. The first sentence of the statute provides that the presumptive mandatory sentence for qualifying offenders is a "nonstate prison sanction." The statute does [not] define "nonstate prison sanction," but the phrase is commonly understood to mean probation, community control, or imprisonment in the county jail for up to one year. The second sentence of the statute allows the trial court to deviate from the presumptive sentence and impose a prison sentence, but only if the court specifically finds that sentencing the offender to a nonstate prison sanction could present a danger to the public. The trial court's findings must be in writing.

Jones v. State, 71 So. 3d 173, 175 (Fla. 1st DCA 2011) (citations and footnotes omitted). When the trial court fails to support the imposition of an upward departure sentence with the requisite written finding that a nonstate prison sanction could present a danger to the public, it is not permitted on remand to reimpose the upward departure sentence even with a valid written reason for departure. Bryant v. State, 148 So. 3d 1251, 1258 (Fla. 2014).

In this case, appellant claims the trial court erred in denying his motion to correct sentencing error challenging the departure prison sentence imposed pursuant to section 775.082(10) because the trial court failed to file written reasons for departure or a signed copy of the sentencing hearing transcript within fifteen days of sentencing as required by Florida Rule of Criminal Procedure

3

3.702(d)(18)(A). However, this rule does not apply to appellant's sentence under the Criminal Punishment Code, which is governed by Florida Rule of Criminal Procedure 3.704. Although rule 3.704(d)(27)(A) contains similar language to rule 3.702(d)(18)(A), it applies only to *downward* departures. Rule 3.704(d)(29), which applies to upward departures under section 775.082(10), simply requires "written findings." It is undisputed the trial court never filed written findings that a nonstate prison sanction could present a danger to the public. Although the trial court ordered that the sentencing transcript be made part of the file, there is nothing in rule 3.704(d)(29) indicating that the filing of a sentencing transcript satisfies the statutory requirement of "written findings." Moreover, the filing of an unsigned copy of the sentencing transcript would not satisfy rule 3.704(d)(27)(A), if it applied. See Pressley v. State, 921 So. 2d 736 (Fla. 1st DCA 2006); Boynton v. State, 473 So. 2d 703 (Fla. 4th DCA) (en banc), approved, 478 So. 2d 351 (Fla. 1985). But see Esquivel v. State, 958 So. 2d 517 (Fla. 3d DCA 2007) (holding that the trial court's failure to sign the written transcription of its orally stated reasons for an upward departure from the sentencing guidelines was harmless error that could be corrected on remand).

Although the trial court might have been able to correct its initial failure to make the necessary written findings required by section 775.082(10) by granting appellant's rule 3.800(b)(2) motion, its failure to do so requires resentencing

4

appellant on remand to a nonstate prison sanction.  <u>Bradley v. State</u>, 155 So. 3d 1248 (Fla. 4th DCA 2015); <u>Dresch v. State</u>, 150 So. 3d 1199 (Fla. 4th DCA 2014); <u>Goldberg v. State</u>, 76 So. 3d 1072 (Fla. 5th DCA 2011).  In light of this disposition, we do not reach appellant's alternate claim that section 775.082(10) is unconstitutional under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and its progeny because the statute deprived him of his Sixth Amendment right to a jury determination of any fact which enhances his sentence.

AFFIRMED in part; REVERSED in part; and REMANDED for resentencing.

ROBERTS and BILBREY, JJ., CONCUR.