NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


PHILLIP JAY WHEELER,                    )
                                        )
            Appellant,                  )
                                        )
v.                                      )        Case No.   2D14-3954
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____)

Opinion filed July 24, 2015.

Appeal from the Circuit Court for
Hillsborough County; Kimberly K.
Fernandez, Judge.

Howard L. Dimmig, II, Public Defender,
and Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs
Cline, Assistant Attorney General,
Tampa, for Appellee.


KELLY, Judge.

          Phillip Wheeler challenges the life sentence imposed upon him on

resentencing for his 1997 sexual battery offense.  He argues that, although the judge

orally pronounced reasons for departure on the record at the resentencing hearing, the

judge failed to file written reasons or sign the transcript containing the reasons for

departure as required by Florida Rule of Criminal Procedure 3.703(d)(30)(A).[1]

Therefore, he claims he must be resentenced within the 1994 sentencing guidelines

range of 11.2 to 18.7 years in prison. We agree that the sentence must be reversed

because of the failure to comply with the rule; however, having articulated valid reasons

for departure at the resentencing hearing, on remand the judge is not required to

sentence Wheeler within the guidelines.

At the hearing, the judge asked the court reporter to transcribe the stated

departure reasons so that the transcript could be filed within seven days of sentencing

as required by rule 3.703(d)(30)(A). The court reporter complied with the judge's

request. Although the transcript was timely filed, the judge never signed the transcript

or filed separate written reasons for departure.

Accordingly, we reverse and remand with instructions that the judge either

sign the transcript of the orally pronounced reasons for departure or resentence

Wheeler within the sentencing guidelines range. See Esquivel v. State, 958 So. 2d 517,

---

[1]Rule 3.703(d)(30)(A) states as follows:

If a sentencing judge imposes a sentence that departs from
the recommended guidelines sentence, the reasons for
departure shall be orally articulated at the time sentence is
imposed. Any departure sentence must be accompanied by
a written statement, signed by the sentencing judge,
delineating the reasons for departure. The written statement
shall be filed in the court file within 7 days after the date of
sentencing. A written transcription of orally stated reasons
for departure articulated at the time sentence was imposed
is sufficient if it is signed by the sentencing judge and filed in
the court file within 7 days after the date of sentencing. The
sentencing judge may also list the written reasons for
departure in the space provided on the guidelines
scoresheet and shall sign the scoresheet.

518-19 (Fla. 3d DCA 2007) (holding that the judge's failure to file a timely and properly signed transcript of orally stated reasons for departure was harmless error and that the remedy was to remand for the judge to either sign the transcript or resentence the appellant within the guidelines).

Reversed and remanded with directions.

NORTHCUTT and BLACK, JJ., Concur.