IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KENITRA MONAE CASPER,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Petitioner,

v.

CASE NO. 1D15-1584

STATE OF FLORIDA,

    Respondent.

_____/

Opinion filed February 10, 2016.

Petition alleging Ineffective Assistance of Appellate Counsel—Original Jurisdiction.

Rick A. Sichta, Susanne K. Sichta, and Joseph Hamrick, of The Sichta Firm, LLC, Jacksonville, for Petitioner.

Pamela Jo Bondi, Attorney General, and Giselle D. Lylen, Assistant Attorney General, Tallahassee, for Respondent.

PER CURIAM.

The petition alleging ineffective assistance of appellate counsel is denied on the merits.

LEWIS and WINOKUR, JJ., CONCUR; MAKAR, J., CONCURS DUBITANTE WITH OPINION.

MAKAR, J., concurring dubitante with opinion.

Casper has twice raised viable claims as to the legality of her sentence, leaving me with doubt as to whether the proper course is to deny relief.

In her direct appeal, Casper's legal papers breathed not a word that the sentencing process resulting in a twelve-year prison sentence—more than twelve times the sanction her scoresheet tabulated—should be reversed due to the trial court's consideration of impermissible sentencing factors, including commentary on her truthfulness (which would be error), his belief that the sentencing statute ought to be changed to increase the score for Casper's offense (which the State concedes was "gratuitous"), and his unwillingness to depart from the lengthy sentence imposed in his initial order (which was based on erroneous testimony from officers). Based on these shortcomings, Casper now claims a right to relief because her initial appellate counsel did not raise the sentencing process issue (though he raised others, discussed below). The State says Casper has no remedy now because the sentencing process issue was not a "dead bang winner." The State's reference is to Page v. United States, 884 F.2d 300, 302 (7th Cir. 1989), which stated:

> The threshold question is not whether trial counsel was inadequate but whether trial counsel was so *obviously* inadequate that appellate counsel had to present that question to render adequate assistance. Counsel could be constitutionally deficient in omitting a dead-bang winner even while zealously pressing other strong (but unsuccessful) claims.

2

Omission of a dead bang winner reflects inadequate representation, but so could omission of any issue that is so obviously inadequate as to justify relief under Strickland v. Washington, 466 U.S. 668 (1984). The question is whether the omission of the sentencing process issue was so grossly deficient that it prejudiced Casper and undermined confidence in the result of her direct appeal. Rutherford v. Moore, 774 So. 2d 637, 643 (Fla. 2000) (test is whether the "'alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance' and second, that . . . the deficiency 'compromised the appellate process to such a degree as to undermine confidence in the correctness of the result'") (citations omitted).

As background, Casper's crimes involved the unauthorized disclosure of photographs of undercover officers that created danger to the officers and their law enforcement activities, but her lack of a criminal record resulted in total sentencing points (11.7) well below a 22-point statutory cutoff, such that the trial court "must sentence [her] to a non-state prison sanction." § 775.082(10), Fla. Stat. The maximum non-state sentence is one year in county jail. Subsection (10) provides, however, that "if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section." Id. This portion of subsection (10) is a potent judicial tool: a trial judge may increase exponentially a sentence's length well beyond the legislative

maximum based solely on his own factual findings that a non-state sentence "could present a danger to the public," a statutorily undefined phrase that leaves important questions unanswered (how great must the possibility of danger be? what type of danger is relevant?).[1]

In this case, the State says that because the trial court's amended order eliminated mention of the substantial factual errors underlying his initial ruling that no error exists. The sentencing process, however, must be constrained to permissible factors, which the record shows did not fully occur (e.g., commentary on truthfulness and disagreement with the leniency of the statute). An improper comment on truthfulness can be enough for resentencing to be required. As the Fifth District recently held, a trial judge's improper comment during sentencing about a defendant's credibility or trustworthiness constitutes fundamental error that appellate counsel should have raised, justifying the vacation of the defendant's sentence and a remand for resentencing before another judge. Hampton v. State, 40 Fla. L. Weekly D2495 (Fla. 5th DCA Nov. 6, 2015) (trial judge "was inclined prior to [your apparent act of perjury] to sentence you to 15 years. However, based upon the fact that there's an indication of your testimony now conflicting with the testimony under oath previously,

---

[1] On this latter point, cases have tended to define "danger" to include economic harm as well as physical harm, broadening the potency of the sentencing enhancement. See, e.g., McCloud v. State, 55 So. 3d 643 (Fla. 5th DCA 2011) (danger to the public may encompass pecuniary or economic harm) (citing cases); Jones v. State, 71 So. 3d 173, 176 (Fla. 1st DCA 2011) (agreeing with McCloud "that a danger to the public does not

that angers the Court and disturbs the Court a great deal, and I'm sentencing you to 20 years in prison").

Here, the trial court expressed disbelief and disappointment in Casper's testimony because he expected her to "bare her soul," but she instead testified in a "coy" and "compartmentalized" way. It is not hard to read the transcript and sense that the trial judge felt she was short of truthful; and his order made such a finding as it pertains to the facts supporting enhancement of her sentence. But the linkage to her sentence is not as evident as in <u>Hampton</u>, which involved judicial anger over the defendant's perjury (versus coyness) explicitly resulting in an increased sentence. It is likewise evident that the trial judge wanted to be able to impose a longer sentence to overcome the statutory limit placed on Casper's crimes. In addition, the trial court's factual findings were less than persuasive as to Casper's future dangerousness (she was not returning to her job in the sheriff's office anytime soon and could not repeat her crimes), focusing on the potential effects that her past disclosures might cause in the future, whether she was incarcerated or not. <u>See</u> <u>Jones</u>, 71 So. 3d at 176 (reversing under subsection (10) where "trial court's additional findings are speculative at best"). Collectively, these deficiencies point in the direction of the relief that Casper seeks.

But it cannot be concluded under the standard of review that applies in this habeas proceeding that Casper's appellate counsel on direct appeal was grossly

---

require a history of violence and can be based on economic or other types of harm.").

deficient in failing to raise this sentencing process issue. Her appellate counsel raised a number of issues including one that—although implicitly rejected via the per curiam affirmance in Casper's direct appeal—remains unsettled. That issue is whether subsection (10)'s grant of authority to trial judges to make factual findings that convert a non-state prison sanction into a lengthy state prison sanction violates Apprendi v. New Jersey, 530 U.S. 466 (2000). See also Hurst v. Florida, 136 S.Ct. 616, 623 (2016). Our court, though being presented with the issue, has avoided writing an opinion on it. See, e.g., Murphy v. State, 161 So. 3d 1282, 1284 (Fla. 1st DCA 2015) ("[W]e do not reach appellant's alternate claim that section 775.082(10) is unconstitutional under Apprendi and its progeny because the statute deprived him of his Sixth Amendment right to a jury determination of any fact which enhances his sentence."). But see Jones, 71 So. 3d at 179 (Thomas, J., concurring in result only) ("We should hold that a trial court lacks the lawful authority under this statute to make any findings without a special jury verdict or a waiver of the defendant's Sixth Amendment right."). This Apprendi issue was raised by Casper's appellate counsel in her direct appeal, which provided an opportunity to resolve it and thereby render non-constitutional challenges to the application of subsection (10) superfluous. In hindsight, and with further reflection on the issue including the strength of Judge Thomas's concurrence in Jones, we should have explicitly addressed the issue in a written opinion, which tends to sharpen judicial decision-making. We did not, but the fact that Casper's appellate

6

counsel (who is now deceased) chose to focus on it, and that he could have felt it was a "dead bang winner" in contrast to the sentencing process issue now presented, provides a degree of assurance of his competency. He may have chosen to pursue the Apprendi issue, leaving out the sentencing process issue for strategic reasons, Freeman v. State, 761 So. 2d 1055, 1069 (Fla. 2000) (ineffective assistance of counsel not viable "where the appellate attorney chose not to argue the issue as a matter of strategy"), or because he felt fundamental error was not established. Cf. Hampton.

So where does that leave Casper? As a matter of judicial process, the claim that her appellate counsel was ineffective by omitting the sentencing process error has sway, but we must keep in mind that her appellate counsel raised the Apprendi issue (and others), which although not successful, was a meritorious one (and, indeed, continues to be one). And the sentencing process claim may have been strategically left out or deemed a non-fundamental error (at least at the time). I concur with doubt, however, due to the severe sentencing enhancement in this case, pursuant to a statutory process of questionable constitutionality, coupled with the manner in which Casper was sentenced.