**UNITED STATES of America**

v.

**James MOSS, a/k/a Sonny Moss.**

**Crim. No. 78–259–1.**

United States District Court,
E. D. Pennsylvania.

Sept. 16, 1981.

Peter F. Vaira, U. S. Atty., Philadelphia, Pa., for plaintiff.

Malcolm W. Berkowitz, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court are a motion to correct an illegal sentence and a motion for release pending appeal. For the reasons set forth below, both motions will be denied.

Defendant was tried and convicted on two counts of conspiracy to transport or to cause to be transported falsely made, forged, altered and counterfeited securities. The Court imposed sentence on December 6, 1978, and, at the same time, revoked bail pending appeal pursuant to 18 U.S.C. § 3148. Following the imposition of sentence, defendant's trial counsel withdrew from the case.

Thereafter, defendant, acting *pro se*, sent a letter dated December 10, 1978, to the Clerk of Court, notifying the Court of defendant's intent to appeal and requesting appointment of counsel. The letter was not docketed, presumably through administrative oversight. On April 18, 1979, the Clerk of Court received defendant's letter of April 9, 1979, seeking to learn the status of defendant's appeal. After the Clerk of Court, by return mail, notified defendant that the docket did not reflect the receipt of defendant's letter of December 10, 1978, defendant moved, *pro se*, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court referred the motion to a United States Magistrate.

After receiving memoranda from both the defendant and the Government, the Magistrate recommended that the petition for habeas corpus under 28 U.S.C. § 2255 be denied and dismissed as stated. The Magistrate further recommended, however, that defendant's motion be treated as a motion for appointment of counsel and for leave to proceed on direct appeal *in forma pauperis*, and, as such, should be granted. The Court adopted the Magistrate's report and recommendation by Order of November 28, 1980.

Despite the Court's approval of the Magistrate's report and recommendation, counsel was not appointed, for reasons not known to the Court, for purposes of defendant's appeal. Eight months later, defendant filed the two motions presently before the Court. Both are apparently predicated on the failure to appoint counsel and the allegedly resultant loss of defendant's right to appeal his conviction.

The Court first addresses defendant's motion to correct an illegal sentence,

filed pursuant to Fed.R.Crim.P. 35. Defendant contends that the sentence is illegal because the failure to appoint counsel for purposes of defendant's appeal has deprived defendant of his right to appeal. This is a *non sequitur.* The failure to appoint counsel on a first appeal may, indeed, deprive defendant of his right to question on appeal the validity of his conviction. It has no bearing, however, on the legality of his sentence. The questions are distinct. *See Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962). Rule 35 is therefore inapplicable and defendant's motion to correct sentence will therefore be denied.

■ In his motion for release pending appeal, defendant again relies on the failure of the Court to appoint counsel after so ordering. Defendant's motion, however, is devoid of any allegations suggesting that the circumstances which led the Court to revoke bail have changed since the time of conviction. At that time, the Court, acting pursuant to 18 U.S.C. § 3148, refused bail pending sentencing because it concluded that defendant would "pose a danger . . . to the community." 18 U.S.C. § 3148. The Court noted that defendant committed the criminal acts for which he was convicted while still on parole for a similar offense. The acts were part of a wide-spread, interstate check-cashing scheme, in furtherance of which defendant recruited a substantial number of operatives to assist him. Defendant's willingness to engage in so massive an illegal enterprise while still on parole showed the Court a callous indifference to the meaning of parole, and suggested that defendant's release would pose a clear threat that defendant would repeat the offense. It is generally agreed, of course, that a Court may refuse bail on the ground that a defendant poses a threat to the community even though the threat is pecuniary rather than physical. *United States v. Provenzano*, 605 F.2d 85 (3d Cir. 1979); *United States v. Parr*, 399 F.Supp. 883, 888 (W.D. Tex.), *aff'd*, 516 F.2d 458 (5th Cir. 1975); *United States v. Louie*, 289 F.Supp. 850, 852 (N.D.Cal.1968). The Court relied on the same reasons in refusing defendant's origi-

nal motion for bail pending appeal. Because defendant's present motion for release pending appeal avers nothing to suggest that circumstances have since changed, the Court will deny the motion without an evidentiary hearing.

■ The Court is not insensitive to defendant's plight. Defendant's appeal has now been delayed twice: first, by the failure to docket his letter of December 10, 1978; and again, by the failure to appoint counsel after this Court granted defendant's motion for appointment. The Court does note that both of the present motions were filed by new counsel, suggesting that defendant has now obtained representation. Without leave to file a notice of appeal *nunc pro tunc,* however, defendant is still deprived of his right to appeal. Normally the Court would await a motion for leave to file such a notice. In this case, however, where the defendant has already suffered inordinate delay through circumstances not of his own making, the Court believes it proper to act *sua sponte* to grant defendant leave to file, within fifteen (15) days, a notice of appeal *nunc pro tunc.*

An appropriate Order will be entered.