ORFINGER, J.
 

 After pleading guilty to two counts of felony petit theft, Wilford McCloud was sentenced to two years in prison, followed by two years of community control. He now appeals, contending that pursuant to section 775.082(10), Florida Statutes (2009), he should have received a non-state prison sanction. We disagree and affirm.
 

 The Florida Legislature enacted section 775.082(10), Florida Statutes, which provides:
 

 (10) If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.
 

 Ch. 2009-63, § 1, Laws of Fla., eff. July 1, 2009. Relying on this statute, McCloud argued at sentencing that because he had no history of violence, he did not pose “a danger to the public,” a predicate required by the statute if a state prison sentence is to be imposed.
 
 [1]
 
 McCloud contends that only a violent, or potentially violent, offender can present a danger to the public. We believe that construction of the statute is too narrow.
 

 McCloud is an habitual thief, albeit one with a history of no violence. He has served two separate eighteen-month prison terms, and has accumulated twenty misdemeanor and five felony convictions, not including the two felonies now before us. Despite this impressive criminal record, McCloud only scored 14.2 sentence points.
 
 [2]
 
 In addition to his prior record, at sentencing, the State offered the testimony of two Titusville police officers, who informed the court that McCloud’s larcenous behavior was so well-known and frequent that when he was seen in a neighborhood, additional police resources were deployed to his location.
 

 While McCloud may not be a physically violent offender, he is apparently willing to steal anything and everything. We believe that “danger may, at least in some cases, encompass pecuniary or economic harm.”
 
 United States v. Reynolds,
 
 956 F.2d 192, 192-93 (9th Cir.1992);
 
 see United States v. Provenzano,
 
 605 F.2d 85, 95 (3rd Cir.1979) (explaining that danger is not limited to physical harm; concept includes opportunity to exercise substantial and corrupting influence within labor un
 
 *645
 
 ion);
 
 United States v. Parr,
 
 399. F.Supp. 883, 888 (W.D.Tex.1975) (“The ‘danger to ... the community’ provision [in the Bail Reform Act] permits consideration of the defendant’s propensity to commit crime generally, even where only pecuniary and not physical, harm might result to the community at large.”); see
 
 also United States v. Moss,
 
 522 F.Supp. 1033, 1035 (E.D.Pa.1981) (“It is generally agreed, of course, that a [c]ourt may refuse bail on the ground that a defendant poses a threat to the community even though the threat is pecuniary rather than physical.”),
 
 aff'd
 
 688 F.2d 826 (3rd Cir.1982);
 
 United States v. Miranda,
 
 442 F.Supp. 786, 792 (S.D.Fla.1977) (“First, it is beyond dispute that the criterion of ‘danger to the community,’ which is an explicit component of the Bail Reform Act, is not limited to the potential for doing physical harm.”).
 

 The record supports the trial court’s implicit finding that McCloud is an habitual thief and presents a threat to property. The fact that police resources are diverted to his location also potentially endangers the public, as it diminishes police protection in other parts of the community. Thus, we conclude that the trial court did not err in sentencing McCloud to a prison sanction based on its determination that McCloud “could present a danger to the public.” There is nothing in the language of section 775.082(10) that suggests that the Legislature intended to limit the meaning of “danger to the public” only to persons threatening physical violence or injury.
 

 AFFIRMED.
 

 GRIFFIN and LAWSON, JJ„ concur.
 

 [1]
 

 . We address only this issue, as it was the only issue argued below.
 

 [2]
 

 .
 
 See
 
 § 921.0024, Fla. Stat. (2009).