MAY, C.J.
The defendant appeals his sentence of five years in prison for grand theft. He argues the trial court erred in enhancing his sentence to a prison term without a jury finding that he was a “danger to the community,” pursuant to section 775.082(10), Florida Statutes (2010). We disagree and affirm.
The State charged the defendant with grand theft and uttering a worthless check to a general contractor.[1] The jury found the defendant guilty of both charges. The defendant scored 14.7 points, consisting of the current charge and a record of five prior convictions for felony worthless check, four for misdemeanor worthless check, and one for grand theft. The State requested the statutory maximum sentence of five years in prison, arguing the defendant was a “danger to the community.”
Defense counsel objected and argued that a jury must find the defendant is a “danger to the community” under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and section 775.082(10), Florida Statutes (2010). The trial court disagreed and found the defendant was an economic “danger to the community,” citing McCloud v. State, 55 So.3d 643 (Fla. 5th DCA 2011). The court sentenced the defendant to five years in prison.
On appeal, the defendant continues to argue that the trial court was required to sentence him to non-state sanctions under section 775.082(10) absent a jury finding that he was a “danger to the community.” He argues that under Blakely, he is entitled to a jury determination of any fact which enhances his sentence. We disagree for two reasons. First, section 775.082(10) is a mitigation[1] statute, not an enhancement statute. Second, the trial court relied on the one factor for which Blakely does not require a jury finding-prior convictions.
Let’s start with Florida’s crime and punishment statutes. The State charged the defendant with grand theft, pursuant to section 812.014(2)(c), Florida Statutes (2010). The grand theft charge is a third-degree felony subject to a maximum penalty of five years in Florida State Prison. § 775.082(3)(d), Fla. Stat. (2010). Under Florida’s Criminal Punishment Code, the trial court is permitted to sentence the defendant to any permissible sentence not to exceed the maximum sentence allowed for the degree of crime. § 921.002(g), Fla. Stat. (2010).
In 2009, due to an ever-increasing prison population, the cost of prison building and operation, and the downturn in the economy, the Florida Legislature enacted section 775.082(10). This was an effort to stem the tide of prison commitments. Jones v. State, 71 So.3d 173, 175 n. 4 (Fla. 1st DCA 2011).
The enactment was a mandated mitigation of an otherwise available maximum penalty. The safety valve to this mandated mitigation was the discretion given to the trial court to adhere to the Criminal Punishment Code in lieu of the mandated mitigation of the defendant’s sentence when the trial court made a written finding that the defendant was a “danger to the community.”
*964 The trial court exercised its discretion, and made the requisite written finding:
The Defendant was convicted by a jury for Grand Theft. Consistent with the defendant’s life-long mo[d]us oper-andi, the theft was accomplished by means of writing a worthless check. The jury also convicted the defendant of a worthless check felony charge based upon the same conduct. The Court dismissed that charge because the state charged and proceeded under the wrong subsection of the statute. At sentencing, the defendant scored only 14.7 points despite previously having been convicted of five felony worthless check charges, four misdemeanor worthless check charges and one grand theft charge. As reflected by his prior convictions, certified judgments and sentences of which the state entered into the record at sentencing, the Defendant is in his mid-sixties and has engaged in financial fraud his entire adult life.
The financial and emotional damage in this case was significant. When viewing this case, and the defendant’s criminal history, no reasonable person could conclude that the defendant will not continue to commit financial crimes whenever he is released from incarceration, it has been his lifelong mo[d]us operandi.
Prior sentences have had no effect on deterring the defendant from committing financial crimes. The criminal justice system has continuously failed to protect the public from the defendant’s criminal financial conduct. The public is entitled to be secure in its financial dealings. That is one of the cornerstones of our economic system in this county.
It is clear that the defendant has been a danger to the public in the past, is now a danger to the public, and will be a danger to the public in the future, when not incarcerated. For that reason, it is overwhelmingly clear to this Court that he is a danger to the public and that a county jail sentence does not suffice as the appropriate punishment in this case.
This finding allowed the trial court to sentence the defendant, pursuant to the Criminal Punishment Code. We find no error.

Affirmed.

WARNER and POLEN, JJ., concur.

. The jury found the defendant guilty of both charges, but the trial court dismissed the worthless check charge because the State had proceeded under the wrong subsection of the statute.