DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANDRAKO BRADLEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-2541

[January 28, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Geoffrey D. Cohen, Judge; L.T. Case No. 10-20267 CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

*ON REMAND FROM THE FLORIDA SUPREME COURT*

WARNER, J.

Appellant, Andrako Bradley, appeals his sentence to five years in prison following his no contest plea. Because the trial court failed to make written findings that a nonstate prison sanction could present a danger to the public, pursuant to section 775.082(10), Florida Statutes (2010), we reverse and remand for resentencing.

The state charged appellant with felony battery in violation of section 784.03(2). It alleged the commission of a battery by appellant together with the commission of a previous battery by him 2005. Felony battery is a third degree felony, punishable by up to five years in prison. *See* § 775.082(3)(d), Fla. Stat. (2010). Appellant entered a plea, and was adjudicated guilty and sentenced to three years of probation. Subsequently, in 2011, appellant violated probation. Following a hearing, the court revoked appellant's probation and immediately sentenced appellant to five years in prison. It is undisputed that appellant's criminal

scoresheet at the time of sentencing, including the violation of probation, totaled 12.8 points. After sentencing, appellant filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that his sentence violated section 775.082(10), which requires the court to sentence an offender to a nonstate prison sentence when the offender has not committed a forcible felony and whose sentencing points are 22 or fewer. The trial court did not rule on this issue within the time permitted by the rule, thus requiring us to review the issue through this appeal. *See* Fla. R. Crim. P. 3.800(b)(1)(B). We review the legality of appellant's sentence *de novo*. *Flowers v. State*, 899 So. 2d 1257, 1259 (Fla. 4th DCA 2005).

Section 775.082(10) sets forth the following rule regarding sentencing for offenders scoring less than 22 points:

> If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.

The list of "forcible felonies" in section 776.08, Florida Statutes (2010), does not specifically include battery. However, a catch-all provision covers "any other felony which involves the use or threat of physical force or violence against any individual."

Felony battery under section 784.03(2) requires that the state prove the elements of battery, which occurs when a person:

1. Actually and intentionally touches or strikes another person against the will of the other; or
2. Intentionally causes bodily harm to another person.

§ 784.03(1)(a), Fla. Stat. (2010). In addition, the state must prove that the defendant has a prior conviction for battery, aggravated battery, or felony battery. *Id.*

At issue is whether felony battery constitutes a forcible felony within the meaning of the statute. The supreme court addressed what was a

2

forcible felony under an identical catch-all provision in section 776.08 in *State v. Hearns*, 961 So. 2d 211, 213-14 (Fla. 2007). In *Hearns*, the defendant was convicted of battery on a law enforcement officer ("BOLEO"). The state sought an enhanced sentence under the violent career criminal statute, which requires conviction of a forcible felony as defined by section 776.08, which "does not specifically list BOLEO, or even battery, as a qualifying offense." *Id.* at 214.

Citing *Perkins v. State*, 576 So. 2d 1310 (Fla. 1991), the *Hearns* court held that "for an offense to be a forcible felony under section 776.08, the 'use or threat of physical force or violence' must be a *necessary element* of the crime." *Id.* at 215. "If an offense may be committed without the use or threat of physical force or violence, then it is not a forcible felony." *Id. See also Perkins*, 576 So. 2d at 1313 (quoting § 776.08, Fla. Stat. (1987)) ("The statute does not say that a forcible felony is any felony that 'may sometimes' involve violence, or even a felony that 'frequently does' involve violence. Rather, the statute requires that the felony actually '*involves* the use or threat of physical force or violence against any individual[.]'").

Applying *Hearns* to this case, the felony battery alleged was based specifically and exclusively on appellant's previous battery conviction, rather than on causing great bodily harm, permanent injury, or permanent disfigurement. Therefore, the only elements the state had to prove were: 1) that appellant committed a battery, and 2) that appellant was previously convicted of a battery. Because the crime requires only the commission of a battery, it does not involve a forcible felony, because otherwise "any intentional touching, no matter how slight, is sufficient to constitute a simple battery." *Hearns*, 961 So. 2d at 218-19. Battery does not require as an element physical force or violence against an individual. That felony battery, as charged against appellant, may sometimes or even frequently involve the use or threat of physical violence is insufficient to categorize felony battery under section 784.03(2) as a forcible felony.

The conclusion that appellant was not convicted of a forcible felony and scored fewer than 22 points implicates the sentencing restriction in section 775.082(10). The statute requires the court to impose a nonstate prison sanction unless it makes written findings that such a sentence poses a danger to the public. In *Bryant v. State*, 148 So. 3d 1251 (Fla. 2014), the court held that under section 775.082(1)), Florida Statutes, a sentence in excess of a nonstate prison sentence constitutes an upward departure sentence. The court applied *Pope v. State*, 561 So. 2d 554 (Fla. 1990), which held: "when an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines." *Id.* at

556.  Here, the court provided no written reasons showing that a nonstate prison sentence poses a danger to the public.  Therefore, we reverse and remand for the trial court to resentence appellant to a nonstate prison sentence, consistent with section 775.082(10) and *Bryant.*

*Reversed and remanded for resentencing.*

CIKLIN and LEVINE, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***