DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEVON KANE RYERSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-1902

[April 20, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312014CF001158A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, C.J.

The appellant appeals his prison sentence, arguing that the trial court did not make the findings required under section 775.082(10), Florida Statutes (2014). We agree and reverse and remand for resentencing.

The state charged the appellant with two non-forcible felonies. The appellant pled no contest without any negotiated agreement as to the sentence. The scoresheet prepared reflects a total score of 5.1 sentence points, which, under the facts of this case, presumed a nonstate prison sanction unless the sentencing judge made certain factual findings. The trial court sentenced the appellant to thirty months in prison followed by two years of probation, the sentences to run concurrently. After the appellant appealed, he moved to correct a sentencing error, pointing out that the trial court, in fact, failed to make the required factual findings that a nonstate prison sanction would pose a harm to the public.

In response, the trial court entered an order entitled "Order Finding Defendant To Be A Danger To The Community," in which the court

recited the charges against the appellant and some details surrounding them. The court found that "[t]his defendant is a clear and present danger to the community."

On appeal, the appellant argues that the trial court did not make the findings required to sentence him to prison where his scoresheet total was less than 22 points and he otherwise fell within section 775.082, Florida Statutes. The statute provides as follows:

> If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.

§ 775.082(10), Fla. Stat. (2014). *See also* Fla. R. Crim. P. 3.704(d)(29)(2014) ("If the total sentence points equal 22 or less, the court must sentence the offender to a nonstate prison sanction unless it makes written findings that a nonstate prison sanction could present a danger to the public.").

If the statute applies, then a nonstate prison sanction is the "presumptive mandatory sentence." *Jones v. State*, 71 So. 3d 173, 175 (Fla. 1st DCA 2011). The phrase "'nonstate prison sanction' . . . is commonly understood to mean probation, community control, or imprisonment in the county jail for up to one year." *Id.* "The second sentence of the statute allows the trial court to deviate from the presumptive sentence and impose a prison sentence, but only if the court specifically finds that sentencing the offender to a nonstate prison sanction could present a danger to the public." *Id.* (citation omitted); *see also Bradley v. State*, 155 So. 3d 1248, 1250 (Fla. 4th DCA 2015) (recognizing that under the statute, a nonstate prison sentence is required unless the court finds "that such a sentence poses a danger to the public"). The trial court's findings must be in writing. *Bradley*, 155 So. 3d at 1250; *Jones*, 71 So. 3d at 175 (citations omitted).

A relatively recent opinion of this court provides guidance as to the sufficiency of a trial court's findings under section 775.082(10). In *Porter v. State*, 110 So. 3d 962 (Fla. 4th DCA 2013), the defendant scored 14.7

2

points. The trial court sentenced him to prison, finding that the defendant "is in his mid-sixties and has engaged in financial fraud his entire adult life," and that because of his criminal history, "no reasonable person could conclude that the defendant will not continue to commit financial crimes whenever he is released from incarceration, it has been his lifelong mo[d]us operandi." *Id.* at 964 (alteration in original). The court also found that "[p]rior sentences have had no effect on deterring the defendant from committing financial crimes," that the defendant posed a danger to the public when he was not incarcerated, and that "a county jail sentence does not suffice as the appropriate punishment in this case." *Id.* On appeal, this court held that the trial court made the required finding. *Id.*

Here, the state does not dispute that section 775.082(10) applies to the appellant. The trial court's findings, however, did not establish a nexus between a nonstate prison sanction and a danger to the public. Instead, the trial court found that the appellant was a "present danger to the community." While the trial court in *Porter* made it clear in its findings that the defendant would continue to pose a danger to the public after his release from a nonstate prison sanction, the trial court's conclusory findings here did not make that connection. And this is indeed a distinction with a difference.

Accordingly, we reverse and remand for the trial court to resentence the appellant to a nonstate prison sanction. *See Dresch v. State*, 150 So. 3d 1199, 1200 (Fla. 4th DCA 2014) (recognizing that where the trial court fails to make the necessary findings required by section 775.082(10), on remand it must impose a nonstate prison sanction).

*Reversed and remanded for resentencing.*

WARNER and KLINGENSMITH, JJ., concur.

*            *            *

***Not final until disposition of timely filed motion for rehearing.***