IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MARLENA CHRISTINE WOODS,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

 Appellant,

v.         CASE NO. 1D15-4042

STATE OF FLORIDA,

 Appellee.

_____/

Opinion filed July 20, 2016.

An appeal from the Circuit Court for Duval County.
Russell L. Healey, Judge.

Nancy A. Daniels, Public Defender, Brenda L. Roman, Assistant Public Defender,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Bureau Chief-Tallahassee,
Criminal Appeals, Quentin Humphrey, Assistant Attorney General, Tallahassee,
for Appellee.

B.L. THOMAS, J.

 Appellant Marlena Woods appeals an order of the circuit court sentencing
her to an upward departure of 18 months in state prison. Appellant raises two
claims on appeal, first challenging the constitutionality of section 775.082(10),
Florida Statutes (2015), and second, alleging that the circuit court unlawfully

deviated from section 775.082(10)'s presumptive non-prison sanction in sentencing her. Because we find the second claim to be without merit, we write only to address Appellant's constitutional challenge to section 775.082(10), Florida Statutes.

Appellant asserts that section 775.082(10) violates her right to a trial by jury as guaranteed under the United States Constitution and the Florida Constitution, because the statute mandates a non-prison criminal sanction for certain felony offenders, but allows the court to impose a more punitive sentence without a jury finding that the defendant poses a risk of danger to the public. See Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004).

Having now carefully considered all arguments presented, including whether the offending provision may be severed from the provision mandating the non-prison sanction for such offenders, we agree with Appellant that the statute must be interpreted to mandate that such upward departures must be based on a jury determination, absent either a waiver by the defendant or a negotiated sentence. See Sloban v. Fla. Bd. of Pharmacy, 982 So. 2d 26, 31-34 (Fla. 1st DCA 2008) (recognizing that courts "have an obligation to give a statute a constitutional construction when this is possible") (citing Tyne v. Time Warner Entm't Co., 901 So. 2d 802, 810 (Fla. 2005)). As the Florida Supreme Court held in State v. Overfelt, 457 So. 2d 1385 (Fla. 1984), where it interpreted a statute which

2

mandated an enhanced felony conviction based on possession of a firearm to require a jury finding, we similarly interpret section 775.082(10), Florida Statutes, to require a jury finding that Appellant poses a danger to the public before the sentencing court may depart from the presumptive sentence of a non-prison sanction under Apprendi and Blakely. We affirm Appellant's sentence, however, as we find that the error here was harmless beyond a reasonable doubt. Galindez v. State, 955 So. 2d 517, 522-23 (Fla. 2007) (holding that Apprendi and Blakely errors were harmless in light of Appellant's confession to facts supporting increased sentencing points for victim injury, and noting that Overfelt, which did not apply harmless error analysis, was superseded by Washington v. Recuenco, 548 U.S. 212 (2006)).

## Background

Appellant was arrested for shoplifting food from a Jacksonville Wal-Mart. Because she had two previous petit theft convictions, Appellant was charged by information with felony petit theft, a third-degree felony punishable by up to five years in state prison. Appellant pled guilty to the felony charge, voluntarily giving up her right to a trial by jury and her right to appeal any matter related to the judgment.

At sentencing, Appellant testified that when she committed the theft, she and her four children were homeless and living in the woods, and she stole the food to

3

feed her children and herself. Appellant testified that she was no longer homeless and was looking for a job. Appellant's counsel argued that, under section 775.082(10), Appellant scored only 8.3 points on her sentencing scoresheet, qualifying her for a recommended sentence not exceeding 12 months in county jail, and asked the court to rely on Jones v. State, 71 So. 3d 173 (Fla. 1st DCA 2011), to find that Appellant was not a danger to the public.

The State argued that Appellant was a danger to the public. The State recited Appellant's prior record, asserting that she was arrested for the instant theft less than a month after being released from jail where she served time for a previous theft.

The court agreed with the State that Appellant presented a danger to the public, and sentenced Appellant to 18 months in state prison. In its order of departure, the court listed its factual findings, including Appellant's prior convictions, her criminal history, and the rapidity with which she committed her most recent theft after release from jail. The court relied on the Fourth District's holding in Porter v. State, 110 So. 3d 962 (Fla. 4th DCA 2013), and found that a county jail sentence would not suffice as an appropriate punishment.

<u>Analysis</u>

Questions concerning the constitutionality of a statute are questions of law and are reviewed *de novo*. Caribbean Conservation Corp., Inc. v. Fla. Fish &

4

Wildlife Conservation Comm'n, 838 So. 2d 492, 500 (Fla. 2003). Statutes are presumed valid, and "all reasonable doubts about the statute's validity must be resolved in favor of constitutionality." State v. Catalano, 104 So. 3d 1069, 1075 (Fla. 2012). Furthermore, "a determination that a statute is facially unconstitutional means that no set of circumstances exists under which the statute would be valid." Fla. Dep't of Revenue v. City of Gainesville, 918 So. 2d 250, 256 (Fla. 2005).

Here, the challenged statute provides:

(10) If a defendant is sentenced for an offense . . . which is a third degree felony but not a forcible felony as defined in s. 776.08 . . . and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.

§ 775.082(10), Fla. Stat. (2015). Appellant argues that section 775.082(10) violates a defendant's right to trial by an impartial jury, because the law exposes the defendant to punishment beyond the statutory maximum based on judge-made factual findings, relying on Apprendi and Blakely for support. In Apprendi, the Supreme Court held that the jury protections guaranteed by the Sixth Amendment extend "to determinations that [go] not to a defendant's guilt or innocence, but simply to the length of his sentence." 530 U.S. at 484 (quoting Almendarez-Torres v. U.S., 523 U.S. 224, 251 (1998) (Scalia, J., dissenting)). The Court cautioned

5

that allowing a judge to determine a fact which would increase punishment beyond the statutory maximum raised due process and Sixth Amendment concerns, holding, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. The Court's later holding in Blakely clarified that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 U.S. at 303 (emphasis in original).

Florida courts have interpreted the Supreme Court's Apprendi line of cases as holding that, "under a guidelines sentencing scheme which restricts judicial discretion in imposing sentences, the factors used to calculate the *maximum guidelines sentence* to which a defendant is exposed must be based either on (1) findings made by the jury, (2) facts admitted by the defendant, or (3) the defendant's prior convictions." Behl v. State, 898 So. 2d 217, 221 (Fla. 2d DCA 2005) (emphasis in original); Johnson v. State, 18 So. 3d 623, 625 (Fla. 1st DCA 2009), quashed on other grounds 122 So. 3d 856 (Fla. 2013).

When a defendant enters a guilty plea, as Appellant did, the defendant only admits to the facts in their plea standing alone. See Blakely, 542 U.S. at 304 (stating that Blakely's guilty plea only admitted to the elements of the crimes he

6

was charged with and no other facts, and had the judge imposed an exceptional sentence "solely on the basis of the facts admitted in the guilty plea," he would have been reversed). It is also permissible to enhance a defendant's sentence solely on the basis of prior convictions – which essentially acknowledges a finding made by another jury – because the procedural safeguards attached to the "facts" of any prior convictions mitigate constitutional concerns. Apprendi, 530 U.S. at 488.

In Florida, section 775.082 provides the relevant statutory maximum for Apprendi purposes. Arrowood v. State, 843 So. 2d 940, 942 (Fla. 1st DCA 2003). Here, Appellant pled guilty to a non-forcible third-degree felony and scored less than 22 points on her sentencing scoresheet, making section 775.082(10) the applicable statutory provision. Part (10) of section 775.082 mandates that, absent a factual finding of danger to the public, a third-degree non-forcible felony offender who scores 22 points or fewer on their sentencing scoresheet must be sentenced to a non-prison sanction; i.e., probation, community control, or imprisonment in the county jail for up to one year. See § 921.00241(2), Fla. Stat. (2015); see also Jones v. State, 71 So. 3d 173, 175 (Fla. 1st DCA 2011). Therefore, the maximum punishment Appellant could receive under section 775.082(10), without any additional factual findings, was one year in county jail; instead, Appellant was sentenced to 18 months in state prison based solely on additional findings of the trial judge, not the jury.

The State conceded in oral argument that <u>Apprendi</u> and <u>Blakely</u> do apply to section 775.082(10), but argued in its brief that <u>Apprendi</u> does not apply to cases like Appellant's because section 775.082(10) is a mitigation statute, not an enhancement statute. In support of this argument, the State relied heavily on the Fourth District's decision in <u>Porter</u>, which held that defendants were not entitled to a jury determination for findings under section 775.082(10) because that statute is not a sentence enhancement statute. 110 So. 3d at 963. However, the Supreme Court has consistently held that the Sixth Amendment right to trial by jury is implicated "whenever a judge seeks to impose a sentence that is not solely based on 'facts reflected in the jury verdict or admitted by the defendant.'" <u>U.S. v. Booker</u>, 543 U.S. 220, 232 (2005) (quoting <u>Blakely</u>, 542 U.S. at 303). And in <u>Apprendi</u>, the Court held that the fact that New Jersey labeled the provision at issue a "sentence enhancement" rather than a separate crime was irrelevant for constitutional purposes. 530 U.S. at 495-96. In <u>Blakely</u>, the Court held:

> Whether the judge's authority to impose an enhanced sentence depends on finding a specified fact (as in <u>Apprendi</u>), one of several specified facts (as in <u>Ring [v. Arizona</u>, 122 S. Ct. 2428 (2002)]), or any aggravating fact (as here), it remains the case that the jury's verdict alone does not authorize the sentence. The judge acquires that authority only upon finding some additional fact.

542 U.S. at 305. Regardless of its label, section 775.082(10) has the effect of mandating a non-prison sanction for offenders who fall within its specified parameters, yet allows judges to impose a more punitive sentence – incarceration

8

in state prison – on the basis of an additional factual finding. The Sixth Amendment requires such a finding to be made by a jury, and not a judge.

Thus, we must examine the statute to decide if it can be interpreted in a manner that preserves its constitutional validity. State v. Giorgetti, 868 So. 2d 512 (Fla. 2004) (holding that statute providing criminal penalty for sexual offenders who fail to register an address change must be interpreted to require *mens rea* to preserve constitutionality of statute under due process clause); In re Interest of D.F., 622 So. 2d 1102, 1104 (Fla. 1st DCA 1993) (interpreting parental rights termination statute as mandating procedural protections to fulfill court's "duty and obligation to interpret the statute so as to preserve its constitutionality"). In Giorgetti, the Florida Supreme Court noted that it was "obligated to construe statutes in a manner that avoids a holding that a statute may be unconstitutional." 868 So. 2d at 518 (citing Gray v. Cent. Fla. Lumber Co., 140 So. 320 (Fla. 1932)). Relying on the United States Supreme Court decision in Lambert v. California, 355 U.S. 225 (1957), the court in Giorgetti grafted a requirement of scienter on the statute at issue, which required designated sexual offenders to register address changes. Here, we similarly hold that the statute must be interpreted to require a jury finding that the defendant poses a risk of danger to society before a judge can impose a sentence which is more punitive than any non-prison sanction, as this is the only interpretation of the statute which would comply with the holdings of

9

Apprendi and Blakely.

Therefore, after a guilty verdict is reached, the State must present evidence to the jury showing why sentencing the defendant to a non-prison sanction would present a danger to the public. Section 775.082(10) does not expressly state what factors a finding of danger to the public must be based upon, but we can logically conclude that the jury may consider any relevant factor evidencing why a state prison sentence would better protect the public by deterring the defendant from future criminal conduct. Past decisions show that courts have considered factors such as whether the defendant's behavior posed an economic danger to the community, the financial and emotional damage caused by defendant's crime, the effect the defendant's prior sentences have had on deterring criminal conduct, and in one case, the fact that defendant's habitual criminal behavior was so well known that police were automatically deployed to his location, thereby diminishing police protection in other parts of the community. Porter, 110 So. 3d at 964; McCloud v. State, 55 So. 3d 643, 645 (Fla. 5th DCA 2011); Jones, 71 So. 3d at 176.

Because we hold that section 775.082(10) can be construed so as to preserve its constitutionality, we need not address the issue of severability regarding the provision which purportedly allows the court to impose an upward departure sentence absent a jury finding.

<u>Harmless Error</u>

Although Appellant's upward departure sentence was not based on a jury finding, we agree with the State that we must apply a harmless error analysis under <u>Recuenco</u>, 548 U.S. at 219-22 (holding that Sixth Amendment <u>Apprendi</u> violation was not "structural error," thus, harmless error analysis applied on appeal of <u>Apprendi</u> violation), and <u>Galindez</u>, 955 So. 2d at 522-23 (holding that <u>Apprendi</u> and <u>Blakely</u> errors were subject to harmless error analysis). Applying a harmless error analysis, we affirm Appellant's sentence, as no rational jury would have declined to find that she posed a financial danger to the public based on her three prior petit theft convictions, her prior burglary conviction, and the fact that she committed the instant offense soon after her release from jail.

AFFIRMED.

KELSEY, J., and STONE, WILLIAM F., ASSOCIATE JUDGE, CONCUR.

11