WINSOR, J.,
dissenting.
Marlena Woods has served her time. She was released shortly before this court’s en banc argument, and there is nothing we can do now to shorten her sentence. Because “[fit is a fundamental maxim of judicial restraint that ‘courts should not decide constitutional issues unnecessarily,’ ” Johnson v. Feder, 485 So.2d 409, 412 (Fla. 1986) (quoting In re Forfeiture of One Cessna 337H Aircraft, 475 So.2d 1269, 1270-71 (Fla. 4th DCA 1985)), we should dismiss this appeal.
Woods challenged only her sentence— not her conviction. Generally, when a defendant challenges a sentence already completed, we dismiss the appeal as moot. See, e.g., Miller v. State, 996 So.2d 954 (Fla. 1st DCA 2008) (Mem. Op.); Toomer v. State, 895 So.2d 1256 (Fla. 1st DCA 2005) (Mem. Op.); Desrosiers v. State, 189 So.2d 834 (Fla. 1st DCA 1966). We have even gone so far as to say “we have no *826 choice but to dismiss the appeal” in this circumstance. Miller v. State, 79 So.3d 209, 211 (Fla. 1st DCA 2012). That overstates it, of course, because we do have some discretion in this area. See Sims v. State, 998 So.2d 494, 503 n.8 (Fla. 2008). But this is not a case that warrants departing from our usual approach.
The Florida Supreme Court has held that appellate courts may decide otherwise moot appeals if the issues are capable of repetition yet evading review. Id. Here, there is no obvious reason why the issues cannot reach timely review. They have in other cases, see, e.g., Porter v. State, 110 So.3d 962 (Fla. 4th DCA 2013), and they nearly did here.[17]
Appellate courts may also decide otherwise moot appeals that raise issues of “great public importance.” Sims, 998 So.2d at 503 n.8; see also State v. Matthews, 891 So.2d 479, 483 (Fla. 2004). This can be a difficult standard to define, but because of judicial restraint, we should apply this exception in only the most extraordinary circumstances. And we should be particularly reluctant to rely on this exception here because “[n]o questions can be brought before a judicial tribunal of greater delicacy than those which involve the constitutionality of a legislative act.” United States v. Cong. of Indus. Orgs., 335 U.S. 106, 125, 68 S.Ct. 1349, 92 L.Ed. 1849 (1948) (Frankfurter, J., concurring) (quoting Ex parte Randolph, 20 F.Cas. 242, 254 (C.C.D. Va. 1833) (Marshall, C.J., on circuit)). This is simply not the type of case that warrants abandoning our usual judicial restraint.
There will be other opportunities to address the issues this case presents. We should wait for one that presents an actual dispute. Because the appeal is now moot, and because no compelling reason justifies our deciding the moot issues presented, we should vacate the panel opinion and dismiss the appeal.
B.L. THOMAS and RAY, JJ., join.

. According to the parties, Ms. Woods was still incarcerated when the original panel decision issued—nearly eleven months after she filed her notice of appeal. Without the en banc proceedings, this appeal would have reached finality before her release. And some defendants raising these issues face even longer sentences, making complete appellate review even more likely. In Porter, for example, the defendant received a five-year sentence. 110 So.3d at 963. His appeal—which rejected his Blakely challenge—was decided long before he completed his sentence.