DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CRISTIAN POZOS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-0248

[February 14, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 562019CF000587C.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

Following the defendant's no contest plea to the third-degree felony of furnishing a firearm to a minor, as prohibited under section 790.17(2)(a), Florida Statutes (2018), the circuit court sentenced the defendant to one year in the county jail, to be followed by two years' community control under state supervision, to be followed by two years' probation under state supervision. On appeal, the defendant argues that under section 775.082(10), Florida Statutes (2018), because he qualified for a nonstate prison sanction, and no jury finding was made that a nonstate prison sanction could present a danger to the public, any punishment beyond one year in the county jail would be illegally excessive, and thus his sentence's community control and probation portions must be stricken.

We disagree with the defendant's argument, and therefore affirm the defendant's sentence. However, our affirmance does not apply to certain circumstances which may yet come to fruition, and thus are not ripe for our consideration, as we will briefly mention at the end of this opinion.

## *Procedural History*

The defendant pled no contest to the third-degree felony of furnishing a firearm to a minor, as prohibited under section 790.17(2)(a), Florida Statutes (2018).  At the sentencing hearing, the defendant requested to be sentenced to probation pursuant to section 775.082(10), Florida Statutes (2018):

> If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction.  However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.

§ 775.082(10), Fla. Stat. (2018).

According to the defendant, he qualified for a nonstate prison sanction under section 775.082(10) because:  (1) his third-degree felony offense of furnishing a firearm to a minor was committed after July 1, 2009, was not a forcible felony as defined in s. 776.08, and was not a third-degree felony under chapter 810; and (2) his total sentence points under section 921.0024 were four, thus fewer than twenty-two points.

The state acknowledged that under section 775.082(10), the defendant qualified for a nonstate prison sanction, and for the defendant to be sentenced to a state correctional facility, "a jury must make a … legal finding that he would pose a danger [to the public]."  *See Brown v. State*, 260 So. 3d 147, 150 (Fla. 2018) ("[W]e hold that subsection (10) violates the Sixth Amendment in light of *Apprendi* and *Blakely* based on its plain language requiring the court, not the jury, to find the fact of dangerousness to the public necessary to increase the statutory maximum nonstate prison sanction.").

However, the state did not request the circuit court to empanel a jury to determine whether sentencing the defendant to a nonstate prison sanction could present a danger to the public.  Instead, the state opted to argue that a nonstate prison sanction "is all of the mitigation that [the defendant] should receive."  The state added: "[I]t is absolutely appropriate that he be sentenced to what is the legal maximum before this Court at

2

this time, a year in the county jail to be followed by two years of community control to be followed by two years of probation."

The circuit court pronounced its agreement with the state's sentencing recommendation. In pronouncing the sentence, the circuit court acknowledged section 775.082(10)'s requirement that without the state proving a nonstate prison sanction could present a danger to the public, the defendant could not be sentenced to a state correctional facility. The circuit court added: "[T]he crime is punishable up to [five] years in prison, but the Legislature said you have to look at the individual and as the State said, there's a certain burden on them that they have to legally assess and make a determination … in conjunction with that law. … [T]he State … would've gone forward I'm sure if they could've met their burden."

After the hearing, the circuit court entered a written sentencing order directing the defendant to be "confined in the County Jail for a term of 365 days with credit for [three] days jail time," and thereafter, "placed on Probation for a period of [four] years, with first [two] years of Community Control under the supervision of the Department of Corrections."

The defendant then filed a notice of appeal to this court. While the notice of appeal was pending, the defendant filed in the circuit court a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct illegal sentence. The defendant's rule 3.800(b)(2) motion summarized:

> Th[e] [circuit] [c]ourt erred by imposing an aggregate sentence against [the defendant] which exceeded 365 days county jail incarceration. Although a remedy for imposition of an erroneous section 775.082(10) sentence that exceeds one year jail is, at the State's option, the empaneling of a jury to determine [the defendant's] future dangerousness[,] … the State waived its option, by failing to initially seek a jury danger finding and by failing to elicit legally sufficient evidence upon which a jury could properly find [the defendant] posed a future danger to the public. Both the crime [which] [the defendant] committed, a non-forcible, non-Chapter 810 third degree felony, and the circumstances surrounding the commission of the crime fail to show he is a future danger to the public. Th[e] [circuit] [c]ourt should grant [the defendant's] motion, maintain [the defendant's] sentence of 365 days [in] county jail[,] and strike both the community control and probation sanctions.

3

The circuit court did not rule on the defendant's rule 3.800(b)(2) motion within sixty days. Thus, the motion is deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B). Our review of this appeal then commenced.

### *Our Review*

The defendant summarizes his argument as follows:

> The [circuit] court erred in imposing an aggregate sentence for [the defendant's] sole crime of furnishing a firearm to a minor, a third degree, level one, non-forcible and non-section-810 felony offense, resulting in a total Criminal Punishment Code sentencing point total of four points. Four points was below the section 775.082(10) threshold to require imposition of a non-state prison sanction of 365 days or less incarceration, probation or a combination of both. The sentence [which] the [circuit] court imposed of one year jail, followed by two years['] community control, and followed by two years['] probation was illegally excessive and all community based sentences must be struck.

The state summarizes its response as follows:

> [The defendant] received a "nonstate prison sanction" in this case: 365 days [in] county jail with credit for time served, followed by [two] years of community control and [two] years of probation. The [circuit] court therefore complied with subsection 775.082(10) and imposed a legal sentence. Neither the language of subsection 775.082(10), nor any cases cited by [the defendant], establishes that the subsection restricts a defendant's total punishment to one year; the subsection only affects the type of punishment. The statute also clearly provides that a danger finding is only required if a defendant is sentenced to a "state correctional facility," which did not occur here.

Applying de novo review, we disagree with the defendant's argument, and agree with the state's response. *See Flowers v. State*, 899 So. 2d 1257, 1259 (Fla. 4th DCA 2005) ("The legality of a sentence is a question of law and is subject to *de novo* review."); *State v. Sampaio*, 291 So. 3d 120, 123 (Fla. 4th DCA 2020) ("[I]ssues of statutory interpretation are reviewed de novo.").

Although section 775.082(10) requires circuit courts to sentence qualifying third-degree felony offenders to a "nonstate prison sanction" absent a jury's finding that such a sentence could present a danger to the public, section 775.082 does not define what constitutes a "nonstate prison sanction." However, "[t]he phrase 'nonstate prison sanction' ... is commonly understood to mean probation, community control, or imprisonment in the county jail for up to one year." *Ryerson v. State*, 189 So. 3d 1047, 1048 (Fla. 4th DCA 2016) (quoting *Jones v. State*, 71 So. 3d 173, 175 (Fla. 1st DCA 2011)); *accord Reed v. State*, 192 So. 3d 641, 645 (Fla. 2d DCA 2016); *see also* § 921.00241(1)-(2), Fla. Stat. (2018) (using the phrase "nonstate prison sanction" to refer to "a term of probation, community control, or community supervision with mandatory participation in a prison diversion program of the Department of Corrections if such program is funded and exists in the judicial circuit in which the offender is sentenced").

Here, by sentencing the defendant to one year in the county jail, to be followed by two years' community control, to be followed by two years' probation, the circuit court sentenced the defendant to a "nonstate prison sanction," and not a "state correctional facility," as those phrases are commonly understood. Although a nonstate prison sanction of county jail incarceration must be limited to one year, nothing in section 775.082(10) restricts the aggregate duration of all nonstate prison sanctions to one year. Rather, the only durational limitation upon the defendant's combined five-year sentence of incarceration, community control, and probation is found in section 772.083(3)(e), Florida Statutes (2018), with which the defendant's sentence complies. *See* § 775.082(3)(e), Fla. Stat. (2018) ("A person who has been convicted of ... a felony of the third degree, [may be punished] by a term of imprisonment *not exceeding 5 years.*") (emphasis added); *Smith v. State*, 584 So. 2d 154, 154 (Fla. 2d DCA 1991) ("The law is clear that when a defendant is sentenced to a split sentence consisting of incarceration and probation ... *the combined sanction cannot exceed the maximum period of incarceration provided by law.*") (emphasis added).

As such, the defendant's sentence was not illegally excessive as the defendant argues.

In deciding this appeal, we are mindful that if the defendant was to violate his community control or probation, any resulting sentence to a state correctional facility, beyond the one year which the defendant will have already served in the county jail, raises the issue of whether such further incarceration would be illegally excessive under section 775.082(10), given that the state already has opted not to seek a jury

finding that sentencing the defendant to a nonstate prison sanction could present a danger to the public.

However, that issue is not ripe for consideration. If the defendant successfully completes his community control and probation, the defendant's sentence will terminate. If the defendant violates his community control or probation, the circuit court would not be required to sentence the defendant for such violation to a state correctional facility beyond the one year which the defendant will serve in the county jail.

Thus, until such time as the defendant violates his community control or probation, and is sentenced for such violation to a state correctional facility beyond the one year which the defendant will serve in the county jail, the issue which we have identified would have to be raised to the circuit court in the first instance.

Based on the foregoing, we affirm the defendant's sentence.

*Affirmed.*

MAY and CIKLIN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***